

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable William Curry
County Attorney
Burnet County
Burnet, Texas

Dear Sir:
Opinion No. C-4930
Re: Propriety and necessity of
charging the jury on circum-
stantial evidence and on
prima facie evidence, in a
prosecution for hunting at
night with a headlight, under
Article 902 of the Penal Code.

This will acknowledge receipt of your letter of
October 16, 1942, which reads in part as follows:

"A problem concerning the propriety and
necessity of certain charges to a jury in a
criminal case has presented itself. The prob-
lem is set forth in the question herewith sub-
mitted on a separate sheet. As to the matter
of a brief, all contending parties agree that
the one case cited in the question covers the
case and announces the rule. The difference
of opinion involves interpretation of the case
of State v. Potest, 133 S. W. (2d) Edition 581,
cited therein."

We have carefully read the opinion in the case of
State v. Potest, 133 S. E. (2d) 581, which you say involves
the precise point at issue.

Article 902 of the Penal Code is as follows: —

"It shall be unlawful for any person at
any time of the year to hunt deer or any other

Honorable William Curry, page 2

animal or bird protected by this chapter, by the aid of what is commonly known as a head light or hunting lamp, or by artificial light attached to an automobile, or by the means of any form of artificial light. Any person violating any of the provisions of this Article shall be deemed guilty of a misdemeanor and upon conviction shall be fined in any sum of not less than fifty ($50.00) dollars nor more than two hundred ($200.00) dollars, or by confinement in the county jail for not less than thirty (30) days nor more than ninety (90) days, or by both such fine and imprisonment. The possession of a headlight, or any other hunting light used on or about the head when hunting at night, between sunset and one-half hour before sunrise, by any person hunting in a community where deer are known to range, shall be prima facie evidence that the person found in possession of said headlight, or other hunting light, is violating the provisions of this article."

You state the testimony of the State's witness, a Game Warden, to be:

"That he saw a pickup being driven at a very slow rate of speed up and down a country road in deer country at night. The defendant was driving the car, while an unknown person stood up in the bed of such pickup and shined the rays of an artificial light that he had on or about his head into the adjoining pastures and fields. No shots were fired. The witness could not tell whether the man standing up had a gun or not. The witness stopped the car but the man in the bed got away in the dark. The defendant, driver of the automobile, is being prosecuted as a principal. In his testimony the State's witness carefully follows the wording of the prima facie feature of the statute testifying to every element in that part of the statute. The witness testified 'that the

man standing in the bed of the pickup was in
possession of a headlight, or some other form
of hunting light used on or about his head,
while hunting at night, between sunset and one-
half hour before sunrise, and that such person
was then and there hunting in a community where
deer were then and there known to range.

"This testimony was denied by the defen-
dant.

"The defendant's counsel demands (1) that
the court shall not instruct the jury as to the
prima facie evidence feature of the statute;
and (2) that the court shall submit the case on
a charge of circumstantial evidence. The State
contends the opposite, asking for a charge on
the prima facie evidence feature, and denying
that a charge on circumstantial evidence would
be proper."

The act of hunting is one of the main and essen-
tial facts to be proved in this case in order to justify
a conviction. Undoubtedly, the State relies upon circum-
stantial evidence to prove this main fact, since neither
the defendant nor his companion is shown to have fired a
shot nor to have been in possession of a weapon capable of
killing a deer. It is true that one of the State's witnesses
testified unequivocally that the defendant's companion was
hunting; but it is evident, from the other facts stated by
you, that such testimony was merely an inference on his
part drawn from the surrounding circumstances actually ob-
served by him.

From this point we wish to direct your attention
to the following decision of the Court of Criminal Appeals
of Texas:

Where one fact is proved from which another fact
is to be inferred, the charge (on circumstantial evidence)
must be given. Gentry v. State, 56 S. W. 68.

Honorable William Curry, page 4

The conclusion that the accused participated in the attack on the deceased being but inference from other circumstances, law of circumstantial evidence should have been given. Davis v. State, 296 S. W. 895.

In a prosecution for burglary where all the evidence in relation to the breaking and entering is circumstantial, a charge on circumstantial evidence should be given, and the fact that accused had pleaded guilty of a theft of property stolen during the burglary, which plea is introduced in evidence does not dispense with the necessity of the charge on circumstantial evidence. Beason v. State, 67 S. W. 96, 69 L. R. A. 193.

It is therefore our opinion that a charge on circumstantial evidence should be given.

"A 'prima facie case' is that amount of evidence which would be sufficient to counterbalance the general presumption of innocence and warrant a conviction, if not encountered and controlled by evidence tending to contradict it, and render it improbable, or to prove other facts inconsistent with it." Words and Phrases, Vol. 33, page 545.

"'Prima facie' means as it first appears; at first sight; at first view; on its face; on the face of it; on the first appearance."Words and Phrases, Vol. 33, page 542.

"'Prima facie evidence' is merely proof of the case upon which the jury may find a verdict, unless rebutted by other evidence. In other words, prima facie evidence is not conclusive, but is such as may be overcome by evidence to the contrary; and such evidence is to be weighed together with the other evidence, and in connection with the reasonable

Honorable William Curry, page 5

doubt and presumption of innocence which obtain
in all criminal trials." Flaeck v. State, 30
S. W. 794. Also Stoneham v. State, 268 S. W.
156. Also citing Uptmore v. State, 32 S. W.
(2d) 474.

In the case of Poteet v. State, 133 S. W. (2d)
581, cited by you, the Court of Criminal Appeals said:

"In submitting the case to the jury the
trial judge gave in charge the prima facie
clause of said article. Objection was inter-
posed on the ground that it was not applicable
under the facts of th present case. Appellant
also complained because the court did not charge
on circumstantial evidence, and presented one
in proper form with request that it be given.
If the court was right in giving the instruc-
tion on the prima facie feature of the statute,
it obviated the necessity of charging on cir-
cumstantial evidence, otherwise the omission
to charge on circumstantial evidence would be
error. It will be noted that in the first part
of Art. 902, P. C. it refers especially to hunt-
ing with lights commonly known as a 'headlight
or hunting-lamp' by name, and then includes
'any other form of artificial light,' but re-
stricts the prima facie feature of the statute
to a 'headlight,' or any other 'hunting light
used on or about the head.' It is unquestion-
ably true that when appellant went into the
pasture on the south side of the road he was
not using what was commonly known as a 'head-
light' or 'hunting lamp.' He had only an art-
ificial light known as a 'flashlight.' He had
it in his hand. It is true one of the State's
witnesses testified that such a light could be
used on the head by placing it in the hat crease,
but there is no evidence that appellant was so
using it on or about the head, and it is only
when so used that the statute in question would
make the possession of such a light as appel-
lant then had prima facie evidence that he was

violating the hunting statute in question.
The ordinary flashlight is an article of such
common use that it may well be doubted that the
Legislature would undertake to make the posses-
sion of one prima facie evidence against its
owner unless he was using it on or about the
head as the commonly known headlights or hunt-
ing lamps are used.

"It follows from what we have said that
we think the trial judge fell into error in
giving the prima facie charge complained of,
and that upon another trial it should be omit-
ted, and under the evidence as here found an
instruction on circumstantial evidence would
be appropriate."

In the recently decided case of Lollar v. State,
159 S. W. (2d) 130, the Court of Criminal Appeals in a
case where accused was charged with possession of intox-
icating liquor for purpose of sale held it was proper under
the facts of that case to charge both on circumstantial
evidence and on the prima facie feature of the statute.
The opinion in that case is short, and we are quoting
it in full:

"DAVIDSON, Judge.

"The unlawful possession of whisky for
the purpose or sale is the offense; the pun-
ishment, a fine of $200.

"Appellant operated a filling station
in the town of Winters. He and his wife
lived and made their home in a room in the
rear part of the building.

"Inspectors of the Texas Liquor Control
Board, under authority of a search warrant,
made a search of the premises. They approached
the building from, and gained entrance there-
to, at the rear. Upon entering, they found
appellant's wife engaged in breaking six bot-
tles of whiskey. Appellant was not present
at that time. The size or capacity of these
bottles is not shown, except that the officers
testified that the combined content exceeded
a quart.

"Appellant was arrested at the filling
station, after the search, and, in the pres-
ence of the officers, broke a half-pint of
whiskey, which he had on his person. Three
other one-half pints of whiskey were found
on his person.

"Appellant, testifying as a witness in
his own behalf, admitted the possession of
the four one-half pints of whiskey on his per-
son. He explained his possession thereof by
saying that, at his request, his son had pur-
chased same for him, at a liquor store near
San Angelo, and had returned with the whiskey
and delivered it to him just prior to the
search. He said that the other whiskey on
the premises belonged to the son, who pur-
chased it at the time he bought the whiskey
for him. He denied any interest in, or con-
trol over, any of the whiskey on the premises.

"There was no direct evidence showing
that appellant was engaged in selling whiskey.
His guilt was made to depend upon an appli-
cation of the prima facie evidence rule, Art.
666-23a, Sec. (2), Vernon's Ann. P. C., to the
effect that possession of more than one quart
of whiskey in a dry area shall constitute prima
facie evidence that it is possessed for the pur-
pose of sale. The whiskey found on appellant's
person not being 'more than one quart,' his guilt
must depend upon facts showing that he had the
possession of the whiskey, or a part thereof,
found on the premises, the bottles containing

Honorable William Curry, page 8

which were broken by the wife.

"The conclusion is reached that, in order
to show that appellant possessed such other
whiskey, the State's case depended upon cir-
cumstantial evidence, and that the trial court
erred in refusing to give appellant's special
requested charge upon the law of circumstan-
tial evidence.

"In view of another trial, the charge
defining the term 'prima facie' should be so
framed as not to shift the burden of proof
and so as not to constitute possession of
more than a quart of whiskey a presumption of
guilt.  For a definition of the term 'prima
facie,' see Floeck v. State, 34 Tex. Cr. R.
314, 30 S. W. 794; Walden v. State, 100 Tex.
Cr. R. 584, 272 S. W. 139.

"For the error discussed, the judgment
is reversed and the cause remanded.

"PER CURIAM.

"The foregoing opinion of the Commission
of Appeals has been examined by the Judges of
the Court of Criminal Appeals and approved by
the Court."

After a study of the Foteet case and the Loller
case, cited above, which upon first reading appear to be
in direct conflict, we have arrived at the conclusion that
the holdings in these cases are harmonious.

It will be noted that Article 902, Penal Code,
quoted supra, provides that in order for a prima facie
case to be made, four separate and distinct things must be
proven, viz.:  (1) That the defendant was, at the the
charged in the complaint and information, a person hunt-
ing; (2) that he was hunting in a community where deer are
known to range; (3) that he was then in possession of a

headlight or any other hunting light used on or about the head; (4) that he was hunting at night between sunset and one-half hour before sunrise. The evidence in the Poteet case was sufficient to show three of these four necessary elements in order to make out a prima facie case. One was lacking. He was not using a "headlight" and the flashlight he was using was not being used on or about his head. As this flashlight was not being used on or about his head, no direct evidence was presented that he was hunting by the aid of an artificial light; and whether he was hunting by the aid of said flashlight had to be inferred from circumstances. That is, it was only shown by circumstantial evidence. Hence, the courts in the Poteet case correctly held that the prima facie charge should not have been given.

It would follow that in any case, prosecuted under this article, where any one of the four necessary elements to be proven to make out a prima facie case was not shown by direct evidence, but depended upon circumstantial evidence, the court should not charge on the prima facie feature of the statute.

In the case presented to us whether the defendant was hunting at the time was not proven by direct evidence but must be inferred from other facts in evidence which facts were that the defendant was driving a pickup truck along a country road at night at a slow rate of speed in a community where deer are known to range, that a companion was standing in the bed of the pickup truck with an artificial light on or about his head, and that this companion fled upon being apprehended. No gun or weapon was shown to have been in the possession of the defendant or his companion.

In the Lollar case, the court held under the facts as shown that the court should have charged on circumstantial evidence and also on the prima facie feature of the statute.. It will be noted that in this case,

Honorable William Curry, page 10

the existence of more than one quart of whiskey was proven by direct evidence and not by circumstantial evidence. The State relied upon circumstantial evidence only to show that the whiskey was in the possession of the defendant.

This prima facie feature of this statute in our opinion is of value to the State only in those cases where the headlight was shown by direct evidence to have only been in the possession of the defendant, and was not at the time being actually used as an aid to the hunting.

The statute provides that it shall be prima facie evidence that the person found in possession of said headlight, or other hunting light, is violating the provisions of this article. In the facts of this case as you submitted to us, you have proof of all four elements of the offense, viz.: (1) That the defendant was, at the time charged in the complaint and information, a person hunting; (2) that he was hunting in a community where deer are known to range; (3) that he was then using a headlight or other hunting light on or about the head; (4) that he was hunting at night between sunset and one-half hour before sunrise. All four of these elements have been proven sufficiently to go to the jury and a prima facie case is already made out. It follows then that there is no need or necessity for the State to rely upon the prima facie feature of this statute.

We also arrive at the same conclusion, that a charge on circumstantial evidence should be given, and a charge on prima facie evidence should not be given from the following process of reasoning:

The legislature in enacting prima facie provisions to criminal statutes does so for the purpose of aiding the State in making proof of some essential elements of the offense. In the offense of possession of intoxicating liquor for the purpose of sale, it is evident from the very nature of things that in most cases it would be difficult, if not impossible, to make actual proof that the liquor was possessed for the purpose of sale. Hence, the legislature provided that the proof of the possession of more than one quart

Honorable William Curry, page 11

would be prima facie proof that it was possessed for the purpose of sale. Where the proof showed that the defendant actually sold one gallon of intoxicating liquor, delivered it to the buyer, and received from the buyer the consideration for same, there would be no necessity to charge on the prima facie feature of this statute. There was no "gap to bridge."

Also, in a theft case, where the defendant was apprehended in the actual taking of the stolen goods, it would be useless to charge the jury that the possession of recently stolen goods, unexplained, would make out a prima facie case.

We have the same situation in the case you submitted to us. Evidently, the prima facie feature of the statute was enacted to "bridge the gap" in those cases where the proof showed that the defendant at the time had a head-light, or other hunting light used on or about the head in his possession,but there was no proof that he was actually using it. To constitute the offense it is necessary that the person hunt deer by the aid of an artificial light, and the mere possession is not sufficient. The legislature merely says that proof of possession under the circumstances enumerated makes out a prima facie case that the artificial light was being used in aid of the hunting. The proof in the case you submit shows that the artificial light was being used and was used on or about the head. There is no "gap to bridge." Hence, no necessity for charging the jury on the prima facie feature of the statute.

Trusting that this opinion sufficiently answers your question, we are

APPROVED DEC 8, 1942

*[signature]*

FIRST ASSISTANT
ATTORNEY GENERAL

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *[signature]*

W. V. Geppert
Assistant